

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 7, 2014**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT LEWIS ADKINS, SR. | § | CASE NO. 12-10314-rlj-7 |
| | § | |
| DEBTOR. | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

McLoba Partners, Ltd. d/b/a U.S. Gold Firm ("McLoba") is pursuing a direct appeal to the Fifth Circuit of the Court's ruling that it willfully violated the automatic stay by filing a third party action against the debtor, Robert Lewis Adkins, Sr. As required in prosecuting any appeal, McLoba has filed its designation of items to be included for the record on appeal. Adkins moves here to strike the vast majority of the items included in McLoba's designation. *See* Docket Nos. 308 and 309.

The designated items that are subject of Adkins's motion are not part of the evidence introduced or arguments made at the hearing held on the question of whether McLoba violated the stay. And McLoba does not contend that they are. It submits, however, that such

items—mostly pleadings filed *after* the Court's ruling or in various *other* cases and adversary

proceedings—are "part and parcel of the appellate process and their inclusion will result in a

more compete [*sic*] and understandable appellate record." McLoba goes on to state that, given

the Court's knowledge of such items, "[i]t would be wrong to ask the court of appeals to

consider the matters being appealed in a vacuum . . . ." McLoba's response also questions this

Court's authority to rule on Adkins's motion, though counsel for McLoba down-played this

point at the hearing. The response makes two arguments on the authority question: first, that the

applicable rule, Rule 8006 of the Federal Rules of Bankruptcy Procedure, states that the record

"shall include the items so designated by the parties"—thus implying that the Court has no

discretion concerning the items to be included; and, second, that the Court, as the bankruptcy

court, has no jurisdiction over the appeal once the notice of appeal is filed.

Assuming first that the Court can rule on Adkins's motion, the Court addresses the

substantive question of whether the items so designated but objected to can be included in the

appellate record. In the Fifth Circuit, items to be designated on appeal must first become part of

the bankruptcy court's record. More specifically, the Fifth Circuit has stated that

> Rule 8006 provides that the record on appeal from a bankruptcy court decision
> consists of designated materials that became part of the bankruptcy court's record in
> the first instance. The rule does not permit items to be added to the record on appeal
> to the district court if they were not part of the record before the bankruptcy court.

*In re SI Restructuring, Inc.*, 480 F. App'x 327, 328–29 (5th Cir. 2012) (quoting *Zer-Ilan v.*

*Frankford (In re CPDC, Inc.)*, 337 F.3d 436, 443 (5th Cir. 2003)). The items need not be

formally entered into evidence, but should be "of record and available for consideration by the

bankruptcy court when it rendered its decision." *In re Heitmeier*, No. 13-6787, 2014 WL

1513886, at *1 (E.D. La. Apr. 16, 2014). If an item was not available for consideration by the

bankruptcy court in making its determination, then it should be stricken. *See SI Restructuring*, 480 F. App'x at 329; *NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005). By implication, items that were created after the court made its disposition cannot be part of the appellate record. *Zer-Ilan*, 337 F.3d at 443 (citing *Kabayan v. Yepremian (In re Yepremian)*, 116 F.3d 1295, 1297 (9th Cir. 1997)).

Items created after the Court made its ruling were obviously not considered by the Court in its ruling. As for the items from other cases and adversary proceedings, McLoba's arguments are inapposite. The appropriate standard is not whether the designated items will give the appellate court the same birds-eye view that the bankruptcy court had. There is nothing in McLoba's argument that explains how such items became part of the bankruptcy court's record in this particular case, and how any of them could have been considered by this Court in making its decision. Adkins's motion should be granted and the irrelevant items stricken.

But can the Court decide this issue? Rule 8006 of the Federal Rules of Bankruptcy Procedure is the relevant statute concerning the appellate record. It does not, however, speak to the issue of whether a bankruptcy judge has the authority to resolve a dispute over the contents of the record on appeal. *See* Fed. R. Bankr. P. 8006. There is not a consensus on this issue; a case from a bankruptcy court in Ohio carefully outlines the majority and the minority views. *Amedisys, Inc. v. JP Morgan Chase Manhattan Bank (In re Nat'l Century Fin. Enters., Inc.)*, 334 B.R. 907 (Bankr. S.D. Ohio 2005).

Under the majority view, bankruptcy courts have the power to resolve a dispute over the contents of the record on appeal. *Id.* at 912. It is practical and efficient: since the bankruptcy court is "the court of first impression," it is in the best position to strike wrongly designated

items. *Id*. at 913. "While the filing of a notice of appeal generally divests a bankruptcy court of jurisdiction to proceed with respect to matters raised by the appeal, *actions in aid of the appeal are not beyond its authority*." *Id*. (citations omitted).

An opinion from the *Dow Corning* case sets out the minority view—that under Rule 8006, the bankruptcy court lacks discretion to strike designated materials on the appellate record. *In re Dow Corning Corp.*, 263 B.R. 544, 548 (Bankr. E.D. Mich. 2001). The *Dow Corning* court began its analysis by recognizing that Rule 8006 fails to provide the appellee with any remedy when the list of designated items is perceived to be over-inclusive. *Dow Corning*, 263 B.R. at 546. The court reasoned that under the canon of construction *expressio unius est exclusio alterius*,[1] "[t]his silence suggests that the appellee has *no* recourse under such circumstances." *Id*. at 546. The court added that, unlike its "non-bankruptcy analog," Rule 10 of the Federal Rules of Appellate Procedure, Rule 8006 is directed at the clerk of the bankruptcy court, not to the bankruptcy judge. *Id*. The *Dow Corning* court found "[t]his discrepancy between F. R. App. P. 10 and Rule 8006 . . . all the more telling considering that the latter is modeled on the former." *Id*. (citing Fed. R. Bankr. P. 8006 Advisory Committee Note (1983)).

The court in *Amedisys* rejected this view and found more persuasive the reasoning provided by *WB, Ltd. v. Tobago Bay Trading Co. (In re Tobago Bay Trading Co.)*, 142 B.R. 534, 536 (Bankr. N.D. Ga. 1992).

> According to *Tobago Bay*, reliance by bankruptcy courts on the Federal Rules of Appellate Procedure is appropriate in bankruptcy appeals, particularly when the Bankruptcy Rules do not speak to a question of appellate procedure. The Court agrees with this proposition because 28 U.S.C. § 158(c) provides that bankruptcy

---

[1] "Under the well-accepted rule of statutory construction stated as *expressio unius est exclusio alterius*, the express inclusion of one item of a class excludes others of the same class. The only kind of modification permitted under R. 8006 would thus be addition to, and not exclusion from, the record." *Dow Corning*, 263 B.R. at 546 (quoting *In re Berge*, 37 B.R. 705, 708 (Bankr. W.D. Wis. 1983)).

appeals shall generally be taken in the same manner as district court appeals, where the Federal Rules of Appellate Procedure are in force.  When "the Bankruptcy Rules do not provide an answer, courts construing other provisions of the Bankruptcy Rules have looked to analogous provisions in the Federal Rules of Appellate Procedure, governing appeals to the courts of appeals, for guidance . . . ."

*Amedisys*, 334 B.R. at 915 (citations omitted).[2]  The analogous provision to Rule 8006 is Rule 10(e)(1) of the Federal Rules of Appellate Procedure.  *Id*. at 916.  Rule 10(e)(1) provides that "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."  Fed. R. App. P. 10(e)(1).  Following the reasoning posited in *Tobago Bay*, and incorporating Appellate Rule 10(e)(1), the court in *Amedisys* held that the bankruptcy court, as the court where the original record was made, is the appropriate court to decide a dispute arising over the record on appeal.  *Amedisys*, 334 B.R. at 916.

The Court agrees with the majority view.  If either the Fifth Circuit or the District Court addresses this issue and disagrees with this, the Court submits this Memorandum Opinion and Order as a recommendation to such court.

It is, therefore,

ORDERED that the items designated as stricken on attached Exhibit A, McLoba's Amended Designation of Items, are hereby stricken from the appellate record; it is further

ORDERED that, in addition to the items that are not stricken from Exhibit A, the following items shall also be included as proper designations:

---

[2]The *Amedisys* court also cited the following cases supporting its view that bankruptcy courts have the power to rule on disputes over the contents of the appellate record: *Metro N. St. Bank v. The Barrick Group, Inc. (In re Barrick Group, Inc.)*, 100 B.R. 152, 154 (Bankr. D. Conn. 1989); *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 802 (E.D. Pa. 1986); *Food Distrib. Ctr. v. Food Fair, Inc. (In re Food Fair, Inc.)*, 15 B.R. 569, 572 (Bankr. S.D.N.Y. 1981); *Saco Loc. Dev. Corp. v. Armstrong Bus. Credit Corp. (In re Saco Loc. Dev. Corp.)*, 13 B.R. 226, 229 (Bankr. D. Me. 1981); *French Kezelis & Kominiarek, P.C. v. Carlson (In re Carlson)*, 255 B.R. 22, 23 (Bankr. N.D. Ill. 2000).

- Docket No. 296, Appellant Designation of Contents for Inclusion in Record on Appeal;

- Docket No. 297, Statement of Issues on Appeal;

- Docket No. 301, Amended Appellant Designation of Contents for Inclusion in Record on Appeal.

These three items are likewise subject of Adkins's motions; the Court therefore denies Adkins's motion as to these three items.[3]

### End of Memorandum Opinion and Order ###

---

[3]McLoba appealed both the Court's order that McLoba willfully violated the automatic stay [Docket No. 273] and the Court's subsequently entered order awarding Adkins his attorney's fees as damages for the stay violation [Docket No. 288]. These appeals were consolidated by the Court's order of September 5, 2014 [Docket No. 311].

Nathaniel Peter Holzer
 Texas Bar No. 00793971
***Jordan, Hyden, Womble, Culbreth***
  ***& Holzer, P.C.***
500 North Shoreline Blvd., Suite 900
Corpus Christi, Texas 78401-0341
Telephone:  (361) 884-5678
Facsimile:  (361) 888-5555
Email:  pholzer@jhwclaw.com
**Attorneys for McLoba Partners, Ltd.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## ABILENE DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **ROBERT LEWIS ADKINS, SR.,** | § | **Case No. 12-10314-RLJ-7** |
| | § | |
| **Debtor** | § | |
| | § | |
| | § | |
| **McLoba Partners, Ltd.,** | § | |
|  **d/b/a U.S. Gold Firm** | § | |
| **Appellant** | § | |
| **vs.** | § | |
| **Robert Lewis Adkins, Sr.** | § | |
| **Appellee** | § | |

## APPELLANT'S AMENDED DESIGNATION OF ITEMS
## TO BE INCLUDED IN RECORD ON APPEAL

McLoba Partners, Ltd. d/b/a U.S. Gold Firm ("McLoba") designates the following items

to be included in the record on appeal to the United States District Court for the Northern District

of Texas, Abilene Division.

**Bankruptcy Case No. 12-10314-RLJ-7** *In re: Robert Lewis Adkins, Sr., Debtor*, **In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| Doc # | Date | Document |
|---|---|---|
| 279 | 8/7/14 | Amended Notice of Appeal |
| 278 | 8/7/14 | Notice of Appeal |
| 273 | 7/24/14 | Order |
| 272 | 7/24/14 | Memorandum Opinion |

EXHIBIT

A

exhibitsticker.com

| 291 | 8/18/14 | Notice of Appeal[1] |
|---|---|---|
| 288 | 8/14/14 | Order |
| | | Docket sheet for Bankruptcy Case No. 12-10314-RLJ-7; *In re: Robert Lewis Adkins, Sr., Debtor* |
| | ~~1/2/2012~~ | ~~Proof of Claim #21 filed by McLoba Partners, Ltd. d/b/a U.S.Gold Firm in the amount of $531,407.95~~ |
| 258 | 3/25/14 | Debtor's Motion for Damages for Willful Violation of the Automatic Stay<br>**EXHIBITS**:<br>A- Liquidating Trustee's Original Adversary Complaint and Claim Objection in Adversary No. 13-01057<br>B- First Amended Answer, Counterclaim and Third Party Complaint of McLoba Partners, Ltd. d/b/a US Gold Firm in Adversary No. 13-01057<br>C- Email dated 3/24/14 between Nathaniel P. Holzer and Jason Kathman |
| ~~260~~ | ~~03/26/2014~~ | ~~Administrative Note: Movant is requested to set this matter for hearing. (RE: related document(s)258 Motion for damages for willful violation of the automatic stay . . . (Graham, C.)~~ |
| 261 | 03/27/2014 | Notice of hearing filed by Debtor Robert Lewis Adkins Sr. (RE: related document(s)258 Motion for damages for willful violation of the automatic stay |
| 266 | 4/15/2014 | McLoba's Response and Objection to Debtor's Motion for Damages for Willful Violation of the Automatic Stay |
| ~~267~~ | ~~05/01/2014~~ | ~~Hearing continued (RE: related document(s)258 Motion for damages for willful violation of the automatic stay Hearing to be held on 5/12/2014 at 01:30 PM Lubbock Judge Jones Ctrm for 258, (Graham, C.)(Entered: 05/05/2014)~~ |
| 268 | 05/07/2014 | Affidavit of Jason P. Kathman in Support of Debtor's Motion for Damages for Willful Violation of the Automatic Stay or in the Alternative for Contempt |
| 276 | 07/28/2014 | Affidavit of Jason P. Kathman in Support of Attorneys Fees |
| 283 | 08/07/2014 | Objection to Affidavit filed by Attorney Jason Kathman |
| ~~284~~ | ~~08/08/2014~~ | ~~Request of McLoba Partners, Ltd. for Certification of Direct Appeal to the Fifth Circuit Court of Appeals~~ |
| ~~285~~ | ~~8/11/14~~ | ~~Request for transcript regarding a hearing held on 5/12/2014~~ |
| ~~290~~ | ~~08/18/2014~~ | ~~Motion for expedited hearing (related documents 284 Motion for Certification to Court of Appeals) (Unopposed)~~ |
| | 5/12/14 | Transcript of 5/12/14 Hearing (transcript has been requested and McLoba will supplement when received) |

---

[1] Doc #288 and #291 are a separate but closely related order and notice of appeal. Appellant McLoba believes they should be considered together with this appeal as one appellate matter, with only one record on appeal, and expects to file a motion to consolidate the two appeals.

**Adversary Case No. 13-1057-RLJ; In re: Harvey Morton, Trustee of the R.L. Adkins Corp. Liquidating Trust v. MeLoba Partners, Ltd. dba U.S. Gold Firm, In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

|  |  |  |
|---|---|---|
|  |  | Docket Sheet for Adversary Case No. 13-1057-RLJ; *In re: Harvey Morton, Trustee of the R.L. Adkins Corp. Liquidating Trust v. MeLoba Partners, Ltd. dba U.S. Gold Firm* |
| 1 | 08/09/2013 | Complaint by Harvey Morton, Trustee of the R.L. Adkins Corp. Liquidating Trust against MeLoba Partners, Ltd. |
| 2 | 08/12/2013 | Summons issued on MeLoba Partners, Ltd. Answer Due 9/11/2013 |
| 3 | 08/12/2013 | Scheduling order |
| 4 | 08/15/2013 | Summons service executed on MeLoba Partners, Ltd. |
| 5 | 09/11/2013 | Answer to complaint filed by MeLoba Partners, Ltd.. |
| 8 | 09/20/2013 | Jury demand filed by Defendant MeLoba Partners, Ltd. |
| 9 | 09/20/2013 | Notice of hearing filed by Defendant MeLoba Partners, Ltd. (RE: related document(s)8 Jury demand |
| 10 | 10/16/2013 | Motion for withdrawal of reference. Filed by Defendant MeLoba Partners, Ltd. |
| 12 | 10/17/2013 | Motion for expedited hearing(related documents 10 Motion for withdrawal of reference) filed by Defendant MeLoba Partners, Ltd. |
| 14 | 10/17/2013 | Order regarding motion for expedited hearing |
| 15 | 10/17/2013 | Notice of transmission of motion to withdraw reference re: Civil Case #1:13-cv-00175-C |
| 17 | 11/25/2013 | Corrected Report and Order to the U.S. District Court by U.S. Bankruptcy Judge. |
| 19 | 11/26/2013 | Notice of transmission of report and recommendation re: motion to withdraw reference re: Civil Case #1:13-cv-00175-C |
| 20 | 11/26/2013 | DISTRICT COURT ORDER administratively closing District Court Civil Action No. 1:13-cv-00175-C. |
| 22 | 02/18/2014 | Scheduling Order and Establishment of Certification Date |
| 23 | 02/18/2014 | Order setting status conference. |
| 24 | 03/14/2014 | Notice of parties agreement to extend deadline for amendments to pleadings, filed by Defendant MeLoba Partners, Ltd., Plaintiff Harvey Morton, Trustee of the R.L. Adkins Corp. Liquidating Trust |
| 25 | 03/15/2014 | Motion to extend time to filing Motions to join other parties and amend the pleadings |
| 27 | 03/18/2014 | Order granting 25 Motion to extend time for filing motion to join other parties and amend pleadings |
| 28 | 03/22/2014 | Third-Party complaint by MeLoba Partners, Ltd. against Robert Lewis Adkins Sr., Kent Ries, John Spicer first amended answer, counterclaim, and third party complaint of MeLoba Partners, ltd., d/b/a U.S. Gold Firm. |

| 29 | 03/31/2014 | Summons issued on Robert Lewis Adkins Sr. Answer Due 4/30/2014; MeLoba Partners, Ltd. Answer Due 4/30/2014; Kent Ries Answer Due 4/30/2014; John Spicer Answer Due 4/30/2014 (Graham, C.) |
| 30 | 04/30/2014 | Answer to third party complaint filed by John Spicer. |
| 31 | 05/01/2014 | Harvey L. Mortons Motion To Dismiss Defendants Counterclaim filed by Plaintiff Harvey Morton, Trustee of the R.L. Adkins Corp. Liquidating Trust |
| 33 | 05/08/2014 | Notice of hearing filed by Plaintiff Harvey Morton |
| 34 | 05/12/2014 | Notice of dismissal of Robert Adkins, Sr., and Kent Ries, Trustee of Adkins Supply, and Adkins Supply as a party(ies) in this case filed by 3rd Party Plaintiff MeLoba Partners, Ltd.. |
| 35 | 05/12/2014 | Notice of dismissal of John D. Spicer, Trustee for estate of Robert L. Adkins as a party(ies) in this case MCLOBA PARTNERS, LTDS NOTICE AND STIPULATION OF DISMISSAL OF THIRD PARTY CLAIMS filed by Defendant MeLoba Partners, Ltd., 3rd Party Plaintiff MeLoba Partners, Ltd., 3rd Pty Defendant John Spicer. |
| 36 | 05/16/2014 | Response opposed to (related document(s): 31 Motion to dismiss adversary proceeding HARVEY L. MORTONS MOTION TO DISMISS DEFENDANTS COUNTERCLAIM filed by Plaintiff Harvey Morton, Trustee of the R.L. Adkins Corp. Liquidating Trust) filed by Defendant MeLoba Partners, Ltd.. (Holzer, Nathaniel) |
| 37 | 06/12/2014 | Joint Notice of stipulated dismissal in an adversary proceeding With Prejudice filed by Plaintiff Harvey Morton |
| 38 | 06/27/2014 | Agreed Order dismissing adversary proceeding with prejudice. |
| 39 | 07/23/2014 | DISTRICT COURT ORDER dismissing Civil Action No. 1:13-cv-00175-C. Cause is dismissed with prejudice, with costs taxed against the party incurring same. |

**Civil Action No. 1:13-cv-00175-C, Harvey Morton, Trustee of the R.L. Adkins Corp. Liquidating Trust v. MeLoba Partners, Ltd. dba U.S. Gold Firm, In The United States District Court For The Northern District Of Texas, Abilene Division**

| | | Docket Sheet from Civil Action No. 1:13-cv-00175-C; Harvey Morton, Trustee of the R.L. Adkins Corp. Liquidating Trust v. MeLoba Partners, Ltd. dba U.S. Gold Firm |
| 1 | 10/17/2013 | Notice of transmittal of motion for Withdrawal of Reference in bankruptcy case number 13-01057 to presiding judge |
| n/a | 10/17/2013 | DEMAND for Trial by Jury by Meloba Partners d/b/a US Gold Firm |
| 2 | 11/26/2013 | Notice of Transmission from the Bankruptcy Court re: 13-01057. Corrected Recommendation and Order on Motion to Withdraw the Reference. |

| 3 | 11/26/2013 | CORRECTED RECOMMENDATION AND ORDER ON MOTION TO WITHDRAW THE REFERENCE AND Order Administratively Closing Case. |
| 4 | 06/12/2014 | NOTICE of Dismissal of the underlying bankruptcy adversary proceeding, #13-1057, and withdrawal as moot of Motion to Withdraw the Reference filed by Meloba Partners d/b/a US Gold Firm |
| 5 | 07/23/2014 | ORDER OF DISMISSAL. IT IS ORDERED that this cause is DISMISSED with prejudice, with costs taxed against the party incurring same. |

**Adversary Case No. 13-1001-RLJ; In re: McLoba Partners, Ltd. dba U.S. Gold Firm v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| | | Docket Sheet for Adversary Case No. 13-1001-RLJ; In re: McLoba Partners, Ltd. dba U.S. Gold Firm v. Robert Lewis Adkins, Sr. |
| 1 | 01/30/2013 | Complaint by McLoba Partners, Ltd. d/b/a U.S. Gold Firm against Robert Lewis Adkins Sr. |
| 2 | 01/30/2013 | Adversary proceeding cover sheet |
| 3 | 01/31/2013 | Scheduling order setting deadlines |
| 4 | 01/31/2013 | Summons issued on Robert Lewis Adkins Sr. Answer Due 3/4/2013 |
| 5 | 02/06/2013 | Summons service executed on Robert Lewis Adkins Sr. 1/31/2013 |
| 7 | 03/04/2013 | Answer to complaint for Denial of Dischargeability filed by Robert Lewis Adkins Sr.. |
| 8 | 03/27/2013 | Unopposed Motion To Abate All Deadlines |
| 10 | 04/02/2013 | Order granting motion to abate all deadlines |
| 11 | 04/02/2013 | Order setting hearing |
| 16 | 11/07/2013 | Motion for partial relaxation of abatement order filed by McLoba Partners, Ltd. |
| 21 | 11/26/2013 | Objection to (related document(s): 16 |
| 22 | 12/30/2013 | Witness and Exhibit List filed by Defendant Robert Lewis Adkins Sr. |
| 23 | 12/30/2013 | Exhibit List filed by Plaintiff McLoba Partners, Ltd. |
| 24 | 01/06/2014 | Motion for summary judgment on Grounds of Collateral Estoppel filed by Plaintiff McLoba Partners, Ltd. |
| 25 | 01/06/2014 | Brief in support filed by Plaintiff McLoba Partners, Ltd |
| 28 | 01/06/2014 | Notice of hearing filed by Plaintiff McLoba Partners, Ltd. |
| 29 | 01/07/2014 | Order Partially Relaxing Abatement |
| 31 | 01/27/2014 | Response opposed to (related document(s): 24 Motion for summary judgment |
| 32 | 01/27/2014 | Brief in opposition filed by Defendant Robert Lewis Adkins Sr. |

| 33 | 01/27/2014 | Support/supplemental documentAppendix filed by Defendant Robert Lewis Adkins Sr. |
|----|------------|-----|
| 34 | 02/10/2014 | Brief in support filed by Plaintiff MeLoba Partners, Ltd. |
| 35 | 08/01/2014 | Memorandum of opinion |
| 36 | 08/01/2014 | Order granting in part, denying in part motion for summary judgment |
| 38 | 08/05/2014 | Motion to modify memorandum opinion and order by MeLoba Partners, Ltd. |
| 39 | 08/12/2014 | Motion to Reconsider(related documents 36 Order on motion for summary judgment) Filed by Defendant Robert Lewis Adkins Sr. Attachments: # 1 Affidavit # 2 Exhibit B # 3 Exhibit C |
| 40 | 08/13/2014 | Order granting motion (related document # 38) |
| 42 | 08/14/2014 | Notice of hearing filed by Defendant Robert Lewis Adkins Sr. (RE: related document(s)39 Motion to Reconsider |
| 44 | 08/18/2014 | Motion for expedited hearing (related documents 39 Motion to Reconsider) (Unopposed) filed by Plaintiff MeLoba Partners, Ltd. |

**Bankruptcy Case No. 11-10241-RLJ-11; In re: R.L. Adkins Corp., Debtor, In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| | | Docket Sheet for Bankruptcy Case No. 11-10241-RLJ-11; *In re: R.L. Adkins Corp., Debtor* |
|----|------------|-----|
| | 1/2/2012 | Proof of Claim #128 filed by MeLoba Partners, Ltd. d/b/a U.S.Gold Firm in the amount of $352,349.51 |
| | 1/2/2012 | Proof of Claim #128 filed by MeLoba Partners, Ltd. d/b/a U.S.Gold Firm in the amount of $352,349.51 |
| 138 | 09/12/2011 | Notice of Appearance and Request for Notice by Nathaniel Peter Holzer filed by Creditor MeLoba Partners Ltd. |
| 1038 | 08/09/2013 | Adversary case 13-01057. Complaint by Harvey Morton, Trustee of the R.L. Adkins Corp. Liquidating Trust against MeLoba Partners, Ltd. |
| 1518 | 06/06/2014 | Withdrawal of claim(s): 128,129 Filed by Creditor MeLoba Partners Ltd. |

**Items from Bankruptcy Case No. 11-10353-RLJ-11; In re: Adkins Supply, Inc., Debtor In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| | | Docket Sheet for Bankruptcy Case No. 11-10353-RLJ-11; *In re: Adkins Supply, Inc., Debtor* |
|----|------------|-----|
| | 1/2/2012 | Proof of Claim #31 filed by MeLoba Partners, Ltd. d/b/a U.S.Gold Firm in the amount of $356,529.18 |

**Items from Adversary Case No. 13-1003-RLJ, Acme Energy Services, Inc., et. al. v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| | Docket Sheet for Adversary Case No. 13-1003-RLJ, Acme Energy Services, Inc., et. al. v. Robert Lewis Adkins, Sr. |
|---|---|

**Items from Adversary Case No. 13-1004-RLJ, Mary L. Ardinger, et. al. v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| | Docket Sheet for Adversary Case No. 13-1004-RLJ, Mary L. Ardinger, et. al. v. Robert Lewis Adkins, Sr. |
|---|---|

**Items from Adversary Case No. 13-1007-RLJ, Kent Ries, Trustee v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| | Docket Sheet for Adversary Case No. 13-1007-RLJ, Kent Ries, Trustee v. Robert Lewis Adkins, Sr. |
|---|---|

**Items from Adversary Case No. 13-1008-RLJ, Badger Rotary Drilling, LLC v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| | Docket Sheet for Adversary Case No. 13-1008-RLJ, Badger Rotary Drilling, LLC v. Robert Lewis Adkins, Sr. |
|---|---|

**Items from Adversary Case No. 13-1009-RLJ, John Dee Spicer v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| | Docket Sheet for Adversary Case No. 13-1009-RLJ, John Dee Spicer v. Robert Lewis Adkins, Sr. |
|---|---|

**Items from Adversary Case No. 13-1011-RLJ, D & L Partners v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| | Docket Sheet for Adversary Case No. 13-1011-RLJ, D & L Partners v. Robert Lewis Adkins, Sr. |
|---|---|

**Items from Adversary Case No. 13-1012-RLJ, OTC Enterprises, Inc. v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| | Docket Sheet for Adversary Case No. 13-1012-RLJ, OTC Enterprises, Inc. v. Robert Lewis Adkins, Sr. |
|---|---|

**Items from Adversary Case No. 13-1013-RLJ, TESG1, LLP v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division**

| | Docket Sheet for Adversary Case No. 13-1013-RLJ, TESG1, LLP v. Robert Lewis Adkins, Sr. |
|---|---|

**~~Items from Adversary Case No. 13-1014-RLJ, The Shoemaker Group, LLC v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division~~**

| | ~~Docket Sheet for Adversary Case No. 13-1014-RLJ, The Shoemaker Group, LLC v. Robert Lewis Adkins, Sr.~~ |
|---|---|

**~~Items from Adversary Case No. 13-1016-RLJ, Equity Trust FBO Todd Oda IRA v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division~~**

| | ~~Docket Sheet for Adversary Case No. 13-1016-RLJ, Equity Trust FBO Todd Oda IRA v. Robert Lewis Adkins, Sr.~~ |
|---|---|

**~~Items from Adversary Case No. 13-1017-RLJ, Equity Trust FBO Sharon Oda IRA v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division~~**

| | ~~Docket Sheet for Adversary Case No. 13-1017~~-RLJ, Equity Trust FBO Sharon Oda IRA v. Robert Lewis Adkins, Sr. |
|---|---|

**~~Items from Adversary Case No. 13-1018-RLJ, Tim Wininger v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division~~**

| | ~~Docket Sheet for Adversary Case No. 13-1018-RLJ, Tim Wininger v. Robert Lewis Adkins, Sr.~~ |
|---|---|

**~~Items from Adversary Case No. 13-1028-RLJ, Harvey Leon Morton, Trustee of the R.L. Adkins Corp. Liquidating Trust v. Robert Lewis Adkins, Sr., In The United States Bankruptcy Court For The Northern District Of Texas, Abilene Division~~**

| | ~~Docket Sheet for Adversary Case No. 13-1028-RLJ, Harvey Leon Morton, Trustee of the R.L. Adkins Corp. Liquidating Trust v. Robert Lewis Adkins, Sr.~~ |
|---|---|

Respectfully submitted,

_/s/   Nathaniel Peter Holzer_
Nathaniel Peter Holzer
Texas Bar No. 00793971
**_Jordan, Hyden, Womble, Culbreth & Holzer, P.C._**
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX 78401-0341
Telephone:  (361) 884-5678
Facsimile:  (361) 888-5555
Email:  pholzer@jhwclaw.com
**Attorneys for McLoba Partners, Ltd.**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served via the Court's electronic noticing system on September 2, 2014 on counsel for Appellee shown below.

jkathman@pgkpc.com
Jason P. Kathman
Pronske Goolsby & Kathman, P.C.
2200 Ross Avenue, Suite 5350
Dallas, TX 75201

/s/ Nathaniel Peter Holzer
Nathaniel Peter Holzer